

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Sir:

Opinion Number O-1173
Re: Extension of Time Warrants

We have your letter in which you request our opinion upon the following question:

"May the commissioners' court by proper order, with the consent of the holders of 'Time Warrants', extend the time of payment of such warrants in the manner and for the purpose stated?"

As stated in your letter, the facts underlying the question are:

"(1) The provision for relief of destitute persons was exhausted in May of this year and the Commissioners' Court made contract with merchants to furnish groceries and necessities and time warrants are being issued, not to exceed $10,000, to pay for same due January 1, 1940. These warrants are being purchased from the merchants by the local bank at par. The bank agrees that the warrants may be extended for payment to January 1, 1941.

"(2) A publishing concern obtained judgment against the county for $3,181.00. There being no funds with which to pay same, the Commissioners' Court had time warrant issued for payment of the judgment. The warrant is payable January 1, 1940. The holder of this warrant agrees to extend time of payment to January 1, 1941.

Honorable R. S. Wyche, page #2

"(3) A judgment was had against the county for $218.00. There being no funds on hand to pay same, a time warrant was issued due November 1, 1939 for its payment. The holder agrees to extend time of payment to January 1, 1941.

"Proper tax levy and sinking fund was in each case properly set up.

"The tax remission bill recently passed by the legislature is the reason for extension."

It is not determinable from the facts disclosed whether or not the "Time Warrants" were legally issued, and we are, therefore, not passing upon their legality, but we think the power of the Commissioners' Court to extend the time of their payment must devolve upon the question of whether the described obligations were intended to be paid out of current funds or were to evidence a loan against future funds from which they were to be paid and for which a tax had been provided.

You have denominated the obligation "Time Warrants". Article 2368a of the Revised Civil Statutes defines "Time Warrant" "as any warrant issued by a city or county not payable out of current funds; and it defines "current funds" as including money in the treasury, taxes in process of collection during such tax year and all other revenues which may be anticipated with reasonable certainty during such tax year.

In providing a tax levy for each issue, it appears that it was intended that a loan against future revenues be made, but in setting the maturity dates of such warrants, January 1, 1940, for the first two issues, and November 1, 1939 for the third issue above described, we can not conceive that it was definitely contemplated that such obligations were to be paid from revenues derived from taxes for the year 1940. We must assume, however, that the intention was to borrow against future revenues, and advise that in our opinion the provision of Article 2368a of the Revised Civil Statutes must have been followed in the issuance of the warrants and that the refunding or extending thereof is likewise governed by this statute.

72.

The case of Ashby v. James, 226 S. W. 732, held that "the commissioners' court has no authority to borrow money by means of warrants; this may be done only by the issuing of bonds". And further that "before warrants may be issued directing the treasurer to pay money out of any fund, there must exist an obligation valid in law."

Article 2368a, known as the Bond and Warrant Law, was enacted in 1931 subsequent to the holding in the above quoted case, and in our opinion provides the only manner in which time warrants can be issued, and also the only way in which same can be extended or refunded, with or without the consent of the holders. See Section 7, subsection (d) thereof for the steps necessary to be taken in refunding items of indebtedness.

We think that the reason underlying the proposed extension or refunding becomes immaterial in view of our conclusion that Article 2368a of the Revised Civil Statutes must govern any such action by the commissioners' court.

It may be well to point out here that in accordance with the decision handed down by the Supreme Court in the recent case, City of Waco v. Mann, 127 S. W. (2d) 879, that any money in the sinking fund to the credit of any issue must be used to retire so much of said debt as said sum will permit, and only such debt as remains unpaid shall be extended or refunded. To use these funds for any other purpose would constitute a diversion of such funds as is inhibited by Articles 839 to 841 of the Revised Civil Statutes of Texas.

Trusting that the foregoing satisfactorily answers your question, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Clarence E. Crowe_
Clarence E. Crowe
Assistant

APPROVED AUG 18, 1939

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION COMMITTEE
BY _____ CHAIRMAN